IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 5:09-cr-9-DCB-LRA

JON VERNON IMMEL                                    DEFENDANT

ORDER

This matter is before the Court on Defendant Jon Vernon Immel ("Immel")'s Motion for Reconsideration. [ECF No. 18]. Having reviewed the Motion, applicable statutory and case law, and being otherwise fully informed as to the premises, the Court finds as follows:

Background

On November 20, 1998, Immel pleaded guilty in the Southern District of Illinois to armed bank robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm. He was sentenced to a 363-month term of imprisonment. On December 9, 1998, Immel was convicted of aggravated battery in Illinois state court. He was sentenced to two years in custody with the Illinois Department of Corrections, with the sentence to run consecutively to his 1998 federal sentence.

On August 4, 2009, the Defendant pleaded guilty to a violation of 18 U.S.C. § 751(a) – attempted escape from the custody of the Federal Correctional Complex in Yazoo City,

Mississippi. This Court sentenced Immel to eighteen months confinement to run consecutively to the undischarged term of imprisonment imposed in his prior federal and state sentences.

On July 17, 2019, approximately a decade later, Immel filed the instant Motion for Reconsideration (for Resentencing). [ECF No. 18]. Immel asserts that the Supreme Court decision in Dean v. United States, 137 S.Ct. 1170 (2017) permits this Court to resentence him to one day imprisonment so that his sentence for attempted escape from custody would, in effect, run concurrent with his 1998 sentences.

## Discussion

**Motion for Reconsideration**

Inasmuch as the Defendant did not file his Motion pursuant to 28 U.S.C. § 2255, the Clerk construed it as a Motion for Reconsideration of his Sentence. "Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device. The Supreme Court has repeatedly and expressly sanctioned the use of motions for reconsideration in criminal proceedings." United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982).

A motion for reconsideration in a criminal proceeding is timely if filed "within the period allotted for the noticing of an appeal." Id. Federal Rule of Appellate Procedure 4(b) proves that an appeal in a criminal case must be filed within fourteen days after the entry of judgment. Accordingly, this Court lacks jurisdiction to consider the defendant's Motion because it was filed more than fourteen days after entry of the judgment. See United States v. Venezia, 2007 WL 3120311, at *1 (S.D. Miss. Oct. 23, 2007)(citing Cook, 670 at 48)(dismissing motion for reconsideration filed outside period allotted for filing an appeal)).

**28 U.S.C. § 2255**

Should the Court interpret the Defendant's Motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, his claim also fails. Section 2255 is the "primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence." Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).

A prisoner must bring a § 2255 motion within one year from the latest of the following: "(1) the date the conviction becomes final; (2) the date an unconstitutional or illegal government created impediment to making the motion is removed; (3) the date the right asserted in a motion was first recognized

3

by the Supreme Court, if that right was newly recognized and made retroactive; or (4) the date facts supporting the claim could have been discovered through due diligence." United States of America v. Lewis, 2020 WL 4014843, at *2 (E.D. La. Jul. 16, 2020).

Immel asserts that the Supreme Court decision in Dean v. United States, 137 S.Ct. 1170 (2017) permits this Court to alter the sentence it entered in 2009. The Court need not consider the merits of the Defendant's argument because: (1) Dean does not apply retroactively to cases on collateral review[1], and (2) even if Dean did apply, the Defendant did not file this Motion within one year of the Supreme Court's decision as required by Section 2255(f)(2).[2]

However, before the Court recharacterizes the Defendant's Motion as a Motion under § 2255, it is obliged under the authority of Castro v. United States, 540 U.S. 375 (2003), to notify the Defendant of its intent to so characterize his motion, warn him that recharacterization means that any

---

[1] See United States v. Wilkerson, 2020 WL 4092353, at *2 (M.D. La. Jul. 20, 2020)("The Court agrees that that Dean does not apply retroactively to cases on collateral review."); see also, Worman v. Entzel, 953 F.3d 1004, 1008 (7th Cir. 2020)("[T]he question on which the appeal turns [is] – whether Dean applies retroactively to cases on collateral review. Because we conclude that it does not, our analysis ends there.").

[2] The Supreme Court decided Dean on April 3, 2017, but Immel signed the instant Motion on July 8, 2019 and it was filed with the Court on July 17, 2019 – over two years later.

4

subsequent § 2255 motion will be subject to the statutory restrictions on successive § 2255 motions, and provide him an opportunity to either withdraw the § 2255 motion from the Court's consideration or to amend the petition so that it contains all of the § 2255 claims he believes he has.

Accordingly,

IT IS HEREBY ORDERED that within fourteen (14) days from his receipt of this Order, the pro se Defendant shall inform this Court whether he wishes to either:

(A)  Withdraw his motion from the Court's consideration to the extent that it constitutes a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 – maintaining the Motion's current characterization as a Motion to Reconsider the Sentence;

[OR]

(B)  amend his motion so that the Court may consider all of the claims he believes he has under 28 U.S.C. § 2255.

SO ORDERED this the 28th day of July, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE