IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 5:09-cr-9-DCB-LRA

JON VERNON IMMEL                                    DEFENDANT

Order

This matter is before the Court on Defendant Jon Vernon Immel ("Immel")'s Motion for Reconsideration. [ECF No. 18]. On July 28, 2020, this Court entered an Order [ECF No. 23] that found the Defendant's Motion for Reconsideration could be interpreted as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Accordingly, the Court, as obligated under the authority of Castro v. United States, 540 U.S. 375 (2003), ordered Immel to either: (1) withdraw his motion from the Court's consideration to the extent that it constitutes a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 – maintaining the Motion's current characterization as a Motion to Reconsider the Sentence; or (2) amend his motion so that the Court may consider all of the claims he believes he has under 28 U.S.C. § 2255. Immel responded to the Court's Order [23] on August 11, 2020. [ECF No. 24]. The Defendant expressed his desire to

1

withdraw his motion to the extent that it constitutes a motion under § 2255 and to maintain the Motion's characterization as Motion to Reconsider under Rule 60(b) of the Federal Rules of Civil Procedure. Therefore, having reviewed the Motion, applicable statutory and case law, and being otherwise fully informed as to the premises, the Court finds as follows:

## Background

On November 20, 1998, Immel pleaded guilty in the Southern District of Illinois to armed bank robbery, using a firearm during a crime of violence, and being a felon in possession of a firearm. He was sentenced to a 363-month term of imprisonment. On December 9, 1998, Immel was convicted of aggravated battery in Illinois state court. He was sentenced to two years in custody with the Illinois Department of Corrections, with the sentence to run consecutively to his 1998 federal sentence.

On August 4, 2009, the Defendant pleaded guilty to a violation of 18 U.S.C. § 751(a) – attempted escape from the custody of the Federal Correctional Complex in Yazoo City, Mississippi. This Court sentenced Immel to eighteen months confinement to run consecutively to the undischarged term of imprisonment imposed in his prior federal and state sentences.

On July 17, 2019, approximately a decade later, Immel filed the instant Motion for Reconsideration (for Resentencing). [ECF

No. 18]. Immel asserts that the Supreme Court decision in <u>Dean v. United States</u>, 137 S.Ct. 1170 (2017) permits this Court to resentence him to one day imprisonment so that his sentence for attempted escape from custody would, in effect, run concurrent with his 1998 sentences.

## Discussion

Inasmuch as the Defendant did not file his Motion pursuant to 28 U.S.C. § 2255, the Clerk construed it as a Motion for Reconsideration of his Sentence. The Defendant seeks relief under Rule 60 of the Federal Rules of Civil Procedure. However, since this is a criminal case, the Federal Rules of Civil Procedure do not apply. Federal Rules of Civil Procedure 1 and 81 provide that those rules apply to all suits of a civil nature. "Rule 60(b), therefore, simply does not provide for relief from a judgment in a criminal case." <u>United States v. O'Keefe</u>, 169 F.3d 281, 289 (5th Cir. 1999).

"A criminal conviction can be attacked by motion under 28 U.S.C. § 2255, but only for errors of constitutional dimension." <u>Id</u>. Rule 60(b) can apply to civil judgments entered in post-conviction § 2255 proceedings. See <u>Gonzales v. Crosby</u>, 125 S.Ct. 2641, 2651 (2005). However, the Defendant has not moved for habeas relief, so Rule 60(b) has no application to his suit. Therefore, the Court will not review Immel's claim under the

3

Rule 60(b) standard. While the Federal Rules of Civil procedure do not apply, there is a mechanism for reconsideration of a final judgment in a criminal proceeding.

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device. The Supreme Court has repeatedly and expressly sanctioned the use of motions for reconsideration in criminal proceedings." United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). A motion for reconsideration in a criminal proceeding is timely if filed "within the period allotted for the noticing of an appeal." Id. Federal Rule of Appellate Procedure 4(b) proves that an appeal in a criminal case must be filed within fourteen days after the entry of judgment. Accordingly, this Court lacks jurisdiction to consider the defendant's Motion because it was filed more than fourteen days after entry of the judgment. See United States v. Venezia, 2007 WL 3120311, at *1 (S.D. Miss. Oct. 23, 2007)(citing Cook, 670 at 48)(dismissing motion for reconsideration filed outside period allotted for filing an appeal)).

Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Reconsideration of his Sentence [ECF No. 18] is DENIED.

SO ORDERED this the 14th day of August, 2020.

                                                              _/s/ David Bramlette_____

                                                              UNITED STATES DISTRICT JUDGE