```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

UNITED STATES OF AMERICA

V.                            CRIMINAL ACTION NO. 5:09-cr-09-DCB-LGI

JON VERNON IMMEL                                            DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT is Defendant Jon Vernon Immel ("Defendant")'s Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"). [ECF No. 40]. Defendant filed the Motion on December 5, 2023, asking the Court to reduce his sentence because of his medical condition, age, length of time served, and familial circumstances. The Government filed a Response [ECF No. 48] in opposition on January 31, 2024, arguing that Defendant fails to establish extraordinary and compelling circumstances justifying a reduced sentence, and that the §3553(a) factors disfavor such a reduction. The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion shall be DENIED.

I.   Factual and Procedural Background

On November 20, 1998, Defendant pleaded guilty in the Southern District of Illinois to two counts of armed bank robbery, two

1

counts of using a firearm during a crime of violence, and being a felon in possession of a firearm. [ECF No. 15] at 7. He was sentenced to a 363-month term of imprisonment for these crimes. Id.

On December 9, 1998, Defendant was convicted of aggravated battery in Illinois state court. Id. at 8. He was sentenced to two years in custody with the Illinois Department of Corrections, with the sentence to run consecutively to his 1998 federal sentence. Id.[1]

On August 4, 2009, Defendant pleaded guilty to a violation of 18 U.S.C. §751(a) for attempted escape from the custody of the Federal Correctional Complex in Yazoo City, Mississippi. [ECF No. 16]. This Court sentenced Defendant to eighteen months confinement to run consecutively to the undischarged term of imprisonment imposed in his prior federal and state sentences. Id.

On July 17, 2019, approximately a decade later, Defendant filed a pro se Motion for Reconsideration (for Resentencing) [ECF No. 18], asserting that the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017) permits this Court to resentence him to one day imprisonment so that his sentence for attempted escape from custody would, in effect, run concurrent

---

[1] Upon his release, Defendant will serve his two-year term imprisonment in the custody of the Illinois Department of Corrections. [ECF No. 27-1].

2

with his 1998 sentences. This Court denied the Motion because it was filed more than fourteen days after entry of the judgment. [ECF No. 25] at 4.

Defendant filed an initial Motion for Compassionate Release, pro se, alleging that his medical conditions justified compassionate release. [ECF No. 27-1]. This Court appointed Defendant counsel on April 3, 2023 [ECF No. 30], and Defendant, through appointed counsel, moved to withdraw the initial motion, which this Court allowed. [ECF Nos. 38 & 39].

On December 5, 2023, Defendant filed the instant Motion asking the Court to grant him compassionate release pursuant to the Court's power under 18 U.S.C. § 3582(c)(1)(A). Defendant cites his age and medical condition, his parents' declining health, and the severity of his sentence as extraordinary and compelling reasons justifying the Motion. [ECF No. 40] at 7-11. The Government opposes the Motion by arguing that Defendant has not shown extraordinary and compelling reasons justifying compassionate release, and that the 18 U.S.C. § 3553(a) factors do not merit relief. [ECF No. 48] at 4.

Defendant is currently serving his federal sentence at FCI McDowell in West Virginia. His projected release date was December 11, 2024. [ECF No. 48] at 2. On January 24, 2024, this Court entered an Order Regarding Motion for Sentence Reduction Pursuant

3

to 18 U.S.C. § 3582(c)(2), reducing Defendant's previously imposed sentence of imprisonment of 18 months to 12 months. [ECF No. 46].

II.  Legal Standard

A defendant may file a motion for compassionate release after exhausting all administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). If exhaustion is satisfied, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Id.

United States v. Jackson, 27 F.4th 1088, 1089 (5th Cir. 2022).

4

Congress has not "defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." Shkambi, 993 F.3d 388, 391 (5th Cir. 2021). Even though the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13, is no longer binding on courts when a Section 3582(c)(1)(A) motion is filed by a prisoner himself, U.S.S.G. § 1B1.13 "may inform the district court's analysis" on the merits of a request for reduction in sentence. Shkambi, 993 F.3d at 393 (holding that a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)"); Jackson, 27 F.4th at 1090 (citing United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021)). "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" Thompson, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)).

Still, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Shkambi, 993 F.3d at 393. Title 18 U.S.C. § 3553(a) sets forth a number of factors that are to be considered by a court when determining whether to modify an existing sentence.[2] A "district court has

---

[2] These factors are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." Jackson, 27 F.4th at 1089.

In general, the "burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release." United States v Perez-Barocela, 2022 WL 2651965, at *3 (S.D. Tex. 2022) (quoting Ward v United States, 11 F.4th 354, 361 (5th Cir. 2021)). The defendant must show "an 'extraordinary and compelling' reason for a sentence reduction and that a reduction is consistent with the section 3553(a) factors." United States v McFadden, 2022 WL 715489, at *2 (5th Cir 2022).

III. Analysis

Defendant cites several alleged circumstances as the basis for the Motion, supra, each of which would fall under the extraordinary and compelling reasons provided by the commentary to

---

(2) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
(3) the need for the sentence imposed to protect the public from further crimes of the defendant;
(4) the need for the sentence imposed to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
(5) the kinds of sentence and the sentencing range for the category of offense and category of defendant and whether the terms of supervised release were violated;
(6) the pertinent policy statements by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.
See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

the Sentencing Guidelines. See U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018).

A. Age and Medical Condition

In the Motion, Defendant, age 59, cites a heart murmur and high cholesterol as an extraordinary and compelling reason justifying a reduction in his prison term. [ECF No. 40] at 7, n.2. The comments to the U.S.S.G. describe the circumstances in which a "[m]edical [c]ondition" might be sufficiently serious to warrant release, which are: where the defendant has either (i) a terminal illness or (ii) a condition "that substantially diminishes the ability of the defendant to provide self-care....". U.S.S.G. § 1B1.13, Application Note 1(A); Thompson, 984 F.3d at 433.

Here, Defendant has not shown that a heart murmur or high cholesterol are terminal illnesses. Furthermore, Defendant has not shown that he has suffered any diminished ability in caring for himself. Meanwhile, the Government points to evidence in the record indicating that BOP medical staff is treating and monitoring Defendant's high blood pressure and cardiac conditions. See [ECF No. 48] at 5 (citing [ECF No. 27-3]). Without any evidence presented by Defendant showing otherwise, the Court finds that Defendant's age and medical conditions do not justify a sentence reduction under § 3582(c)(1)(A).

B. Familial Circumstances

7

Defendant next argues that his elderly parents' failing health constitutes extraordinary and compelling reasons warranting relief. Defendant cites medical concerns such as osteoporosis, multiple surgeries, a stroke, and dementia that demonstrate the "dire need for a caretaker." [ECF No. 40] at 10. Defendant further asserts that "he is [his parents'] only living child able to care for them." Id.

The Government opposes this assertion, citing the Presentence Investigation Report, which shows that Defendant has two step-siblings, and that Defendant has not shown the step-siblings are unable to provide for the elderly parents. [ECF No. 48] at 6. The Government further alleges that Defendant has not shown that his parents are incapacitated pursuant to the BOP's Program Statement. Id. at 6-7.

As discussed, supra, the Court is no longer bound by U.S.S.G. § 1B1.13, but the criteria for granting a sentence reduction on "family circumstances" grounds in Application Note 1(C) is informative and may nevertheless guide the Court's analysis. Thompson, 984 F.3d at 433. Under the Application Note, a sentence reduction under familial circumstances is authorized in only two limited situations: (1) "the death or incapacitation of the caregiver of the defendant's minor [children]" or (2) "the

8

incapacitation of the defendant's spouse[3] . . . when the defendant would be the only available caregiver for [that spouse]." U.S.S.G. § 1B1.13, App. Note 1(C). Shkambi may have freed the court to consider the numerous family circumstances that may merit compassionate release, but § 3582(c)(1)(A)(i) only permits release where the family circumstances are truly "extraordinary and compelling," and not purely the inevitable circumstances families face when a family member is incarcerated.

The Court empathizes with both parents' declining health and notes the unfortunate situation implicated by Defendant's incarceration. However, the familial reasons cited by Defendant do not constitute extraordinary and compelling reasons to reduce his sentence because familial inconveniences is typically associated with incarceration. Although Defendant's desire to care for his parents is certainly laudable, the Court finds that the circumstances shown by Defendant do not reach "extraordinary and compelling" reasons justifying a sentence reduction.

C. Defendant's Length of Sentence and Stacked Sentences

Defendant relies on this Court's language on the severity of his sentence and the "gross disparity" between the sentence imposed

---

[3] Courts generally find that this category applies equally to a defendant's parents. See United States v. Nevers, 2020 WL 3077034, at *6 (E.D. La. 2020); United States v. Bucci, 409 F.Supp.3d 1 (citing United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019)).

9

and the "10-year sentence that Congress now believes to be an appropriate penalty" for the defendant's conduct." [ECF No. 40] at 6-7. In support of his position, Defendant argues that the First Step Act amended § 924(c), reducing the mandatory minimum sentence for a violation of §924(c) from 25-years to five consecutive years for each count. In other words, if Defendant was sentenced today, "his mandatory sentence would be 183 months, rather than 363 months." Id. at 2.

In opposition, the Government argues that Defendant tries "to rely on the provision of Sentencing Guidelines that defines 'extraordinary and compelling reason[s]' to include an 'unusually long sentence,'" [ECF No. 48] at 7 (citing U.S.S.G. § 1B1.13(b)(6)), but that the Guideline provision "exceeds the Sentencing Commission's authority and conflicts with § 3582(c)(1)'s clear meaning." Id.

As the Fifth Circuit has already noted, "Congress did not make [the] reductions retroactive." United States v. McMaryion, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). "[A] statute reducing the penalties for a criminal offense—or even repealing the offense entirely—does not apply to offenses committed prior to its enactment, 'unless the repealing Act shall so expressly provide.'" United States v. Jenkins, 50 F.4th 1185, 1198 (D.C. Cir. 2022) (quoting 1 U.S.C. § 109).

10

Although this Court stated that Defendant's stacked sentences were "unfortunate" and "awfully long", the Court also stated that it was bound to impose the minimum sentence under the advisory guidelines. See [ECF No. 17] at 7 and 17. And as the Fifth Circuit mandated, "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." McMaryion, 2023 WL 4118015, at *2.

Instead, "the *ordinary* practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." Dorsey v. United States, 567 U.S. 260, 280 (2012) (emphasis added). See also Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994) (finding that this practice suggests a "presumption against retroactive legislation" that is "deeply rooted in our jurisprudence" and that "embodies a legal doctrine centuries older than our Republic.").

The Court notes that the United States Sentencing Commission published "Amendments to the Sentencing Guidelines" on April 27, 2023, with an effective date of November 1, 2023, which modified policy statement U.S.S.G. § 1B1.13. Courts may use the policy statement as guidance in a motion for compassionate release, but it is not binding on the courts. The amended guideline provision states the following:

> UNUSUALLY LONG SENTENCE.—If a defendant received an *unusually long sentence* and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a *gross disparity* between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023) (emphasis added).[4] But as the Government correctly points out, a defendant's lawfully imposed sentence at the time he was sentenced, without an express retroactive reduction by Congress, is not an extraordinary and compelling reason warranting relief. See McMaryion, 2023 WL 4118015, at *2; United States v. Thacker, 4 F.4th 569, 574 (7th

---

[4] This new subsection (b)(6) "permits non-retroactive changes in law (other than non-retroactive amendments to the Guidelines Manual) to be considered as extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances. Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's individualized circumstances." See AMENDMENT TO THE SENTENCING GUIDELINES, United States Sentencing Commission, available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf, at 5 (April 27, 2023).

12

Cir. 2021); and United States v. Maumau, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J., concurring) ("Indeed, the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence."). Therefore, the Court does not believe that any disparity between the sentence imposed and the sentence Defendant would receive today is an extraordinary or compelling reason warranting relief.

    D. 18 U.S.C. § 3553(a) Factors

As discussed, supra, this Court may deny compassionate release, even after a sufficient showing of extraordinary and compelling reasons, after considering the 18 U.S.C. § 3553(a) factors. See Jackson, 27 F.4th at 1089 (5th Cir. 2022). Defendant cites the following factors that justify compassionate release: (1) "the history and characteristics of the defendant;" (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." [ECF No. 40] at 11. The Government cites each factor of § 3553(a) in opposition and asks the court to exercise its discretion to deny the Motion. [ECF No. 48] at 28-30.

13

Defendant's incarceration stems from an armed bank robbery in violation of 18 U.S.C. § 924(c), and the Government correctly points out that this conviction is presumptively dangerous. See United States v. Ruiz, 986 F.2d 905, 908 n.1 (5th Cir. 1993). Further troubling is the fact that Defendant's criminal convictions include aggravated battery and attempted escape from prison. [ECF No. 15] at 7; [ECF No. 16].

The Court commends Defendant's steps towards "rehabilitation," including his interest in education and learning, and notes that Defendant has served a substantial term of federal imprisonment – roughly 95 percent. But the Court is concerned with the nature and circumstances of this offense, as well as the criminal history of Defendant, and Defendant has not made a sufficient showing to prove he no longer represents a danger to the public. Based on the factors discussed, the Court finds that a below-Guideline sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from Defendant's further crimes. See 18 U.S.C. § 3553(a).

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 40] is DENIED.

SO ORDERED, this 6th day of March, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE